UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW WATSON, | |
| Plaintiff, | 3:14-cv-00684-RCJ-WGC |
| vs. | |
| KELLY BELLANGER et al., | **ORDER** |
| Defendants. | |

This is a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. The Court now screens the Complaint under 28 U.S.C. § 1915A and dismisses it, without leave to amend.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Andrew Watson is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). He has sued several Defendants in this Court under 42 U.S.C. § 1983, alleging that NDOC calculated one of his consecutive sentences under an incorrect statutory category and subtracted his pre-conviction jail time from the wrong sentence, the result in each case being additional time on his sentence in violation of state law.

## II.   LEGAL STANDARDS

District courts must screen cases in which a prisoner seeks redress from a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a). A court must identify any cognizable claims and must dismiss claims that are frivolous, malicious, insufficiently pled, or directed

against immune defendants. *See id.* § 1915A(b)(1)–(2).  Pleading standards are governed by Rule 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  When a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.    ANALYSIS**

If the determination of a claim in a plaintiff's favor would imply the invalidity of a conviction or sentence, it is not cognizable as the basis of any civil action (including under § 1983), unless and until the challenged conviction or sentence has been reversed on appeal or vacated via writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  The Court therefore dismisses, without leave to amend.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Forma Pauperis (ECF No. 1) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall DETACH and FILE the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint is DISMISSED, without leave to amend, and a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 18th day of May, 2015.

_____
ROBERT C. JONES
United States District Judge